JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Tomas Perez Rodriguez

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Law Office of Jay Fearnley, Sp
756 Ridge Lake Blvd. Ste 264
Memphis, TN 38120

## DEFENDANTS

DHS

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 365 Personal Injury - Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 830 Patent | [x] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | | |
| | | [ ] 550 Civil Rights | **IMMIGRATION** | |
| | | [ ] 555 Prison Condition | [ ] 462 Naturalization Application | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | |

**LABOR**
[ ] 710 Fair Labor Standards Act
[ ] 720 Labor/Management Relations
[ ] 740 Railway Labor Act
[ ] 751 Family and Medical Leave Act
[ ] 790 Other Labor Litigation
[ ] 791 Employee Retirement Income Security Act

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC §2241   Writ of Habeas Corpus

Brief description of cause:
Plaintiff was denied bond despite being entitled.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 0.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 2/27/26

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Atty. Jay Fearnley                                          DETAINED
The Law Office of Jay Fearnley, SP
756 Ridge Lake Blvd, Ste 204
Memphis, TN 38120
Telephone: 901-767-6200


# UNITED STATES UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TENNESSEE

## MEMPHIS DIVISION


| | |
|---|---|
| **In the Matters of:** ) | |
| ) | |
| ) | |
| ) | |
| **TOMAS PEREZ RODRIGUEZ** ) | **A-Number: 221-447-095** |
| ) | |
| ) | |
| ) | |
| ) | |

**MERRICK B. GARLAND,** Attorney General of the United States;
TAE D. JOHNSON, Acting Director, U.S. Immigration and Customs Enforcement;
WARDEN, Trinity Minter  Mason Detention Facility


Respondents.

Civil Action No.: _26-2209_


# PETITION FOR WRIT OF HABEAS CORPUS
## 28 U.S.C. § 2241

# I. INTRODUCTION

COMES NOW Petitioner, through undersigned counsel, and respectfully petitions this Honorable Court for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging Petitioner's prolonged and indefinite detention under INA § 235(b) without an individualized custody hearing, in violation of the Fifth Amendment's Due Process Clause.

# II. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 1331.

2. Petitioner is currently detained within the Western District of Tennessee (Memphis) by Respondents acting under color of federal authority.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 2241(a), as Petitioner's custodian is located in Memphis, Tennessee.

# III. PARTIES

4. Petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement ("ICE").

5. Respondents are federal officers responsible for Petitioner's custody and detention in Memphis, Tennessee.

# IV. FACTUAL AND PROCEDURAL BACKGROUND

6. Petitioner was apprehended by DHS and placed into removal proceedings pursuant to INA § 240.

7. DHS classified Petitioner as an applicant for admission and subjected Petitioner to mandatory detention under INA § 235(b).

8. Petitioner, through counsel, requested a custody redetermination before the Memphis Immigration Court.

9. The Immigration Judge denied the custody redetermination request solely on jurisdictional grounds, citing Matter of Yajure Hurtado, 27 I&N Dec. 772 (BIA 2020).

10. The Immigration Judge acknowledged ongoing federal litigation, including Maldonado Bautista v. Santacruz, C.D. Cal. 2025, but concluded that such authority was not binding in Memphis.

11. Petitioner remains detained without any individualized custody hearing, bond determination, or meaningful opportunity to challenge continued detention.

## V. LEGAL ARGUMENT

A. Prolonged Mandatory Detention Under INA § 235(b) Without Judicial Review Violates Due Process

12. Civil immigration detention must be reasonable in duration and accompanied by adequate procedural safeguards.

13. Prolonged detention under INA § 235(b), without an individualized hearing before a neutral decision-maker, violates the Fifth Amendment.

14. While Immigration Judges are bound by BIA precedent, federal courts are not, and retain authority to assess the constitutionality of detention statutes.

B. DHS's Interpretation of INA § 235(b) Raises Serious Constitutional Concerns

15. Recent federal litigation, including Maldonado Bautista v. Santacruz, demonstrates growing judicial concern that indefinite § 235(b) detention without bond violates due process.

16. Although declaratory in nature, such decisions highlight that DHS's interpretation of § 235(b) is constitutionally suspect and warrants federal habeas review.

C. Continued Detention Without Individualized Review Is Arbitrary and Excessive

17. Respondents have failed to provide any individualized determination that Petitioner poses a flight risk or danger to the community.

18. Continued detention without procedural safeguards has become punitive rather than regulatory.

## VI. RELIEF REQUESTED

WHEREFORE, Petitioner, through counsel, respectfully requests that this Court:

1. Grant the Writ of Habeas Corpus;

2. Order Respondents to provide an individualized custody hearing before a neutral decision-maker; or

3. Alternatively, order Petitioner's immediate release under reasonable conditions; and

4. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

Jay Fearnley
Counsel for Petitioner
Bar #042505
756 Ridge Lake Blvd. Suite 204Memphis, TN 38120
901-767-6200
jf.advocatetitle@gmail.com
Date: 2/27/26

## VII. CERTIFICATE OF SERVICE

I hereby certify that on this _27_ day of _Feb._, 2026, a true and correct copy of the foregoing Petition for Writ of Habeas Corpus (28 U.S.C. § 2241), filed through counsel, was served upon the following parties:

**Office of the United States Attorney**
**Western District of Tennessee**
167 North Main Street, Suite 800
Memphis, TN 38103

**U.S. Immigration and Customs Enforcement (ICE)**
**Office of the Principal Legal Advisor (OPLA)**
80 Monroe Avenue, Suite 200
Memphis, TN 38103

Warden Trinity Minter
Western Tennessee Detention Facility
6299 Finde Naifeh Drive,
Mason, TN 38049

Service was effected via (check all applicable):
☐ First-Class U.S. Mail
☐ Hand Delivery
☑ CM/ECF Electronic Filing
☐ Other: _____

Respectfully submitted,

Jay Fearnley
Counsel for Petitioner
Bar #042505
756 Ridge Lake Blvd. Suite 204Memphis, TN 38120
901-767-6200
jf.advocatetitle@gmail.com



Exhibit A



## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
## MEMPHIS IMMIGRATION COURT

Respondent Name:

    PEREZ-RODRIGUEZ, TOMAS

To:

    Fearnley, Jay P
    756 Ridge Lake Blvd.
    Ste 204
    Memphis, TN 38120

A-Number:
221-447-095
Riders:
In Custody Redetermination Proceedings

Date:
02/06/2026

☐   Unable to forward - no address provided.

☑   Attached is a copy of the **decision of the Immigration Judge.** This decision is final unless an appeal is filed with the Board of Immigration Appeals within 30 calendar days of the date of the mailing of this written decision. See the enclosed forms and instructions for properly preparing your appeal. Your notice of appeal, attached documents, and fee or fee waiver request must be mailed to:

    Board of Immigration Appeals
    Office of the Clerk
    P.O. Box 8530
    Falls Church, VA 22041

☐   Attached is a copy of the decision of the immigration judge as the result of your Failure to Appear at your scheduled deportation or removal hearing. This decision is final unless a Motion to Reopen is filed in accordance with Section 242B(c)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1252B(c)(3) in deportation proceedings or section 240(b)(5)(c), 8 U.S.C. § 1229a(b)(5)(e) in removal proceedings. If you file a motion to reopen, your motion must be filed with this court:

    Immigration Court

☐   Attached is a copy of the decision of the immigration judge relating to a Reasonable Fear Review. Pursuant to 8 C.F.R. § 1208.31(g)(1), no administrative appeal is available.

☐   Attached is a copy of the decision of the immigration judge relating to a **Credible Fear Review.** This is a final order. No appeal is available.

☐   Other:

Date: 02/06/2026

Immigration Judge: Thompson, Ryan 02/06/2026

## Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS
Respondent Name : PEREZ-RODRIGUEZ, TOMAS | A-Number : 221-447-095
Riders:
Date: 02/06/2026 By: Thompson, Ryan, Immigration Judge



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**MEMPHIS IMMIGRATION COURT**

Respondent Name:

PEREZ-RODRIGUEZ, TOMAS

To:

Fearnley, Jay P
756 Ridge Lake Blvd.
Ste 204
Memphis, TN 38120

A-Number:
221-447-095
Riders:
In Custody Redetermination Proceedings

Date:
02/06/2026

## ORDER OF THE IMMIGRATION JUDGE

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☑ Denied, because
The Department of Homeland Security has classified this Respondent as an applicant for admission. The Court is aware of litigation Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM (C.D. Cal) (2025), however this is a declaratory judgment not an injunction, and does not vacate or enjoin Matter of Yajure Hurtado which this Court is bound by.

☐ Granted. It is ordered that Respondent be:
    ☐ released from custody on his own recognizance.
    ☐ released from custody under bond of $
    ☐ other:

☐ Other:

Immigration Judge: Thompson, Ryan 02/06/2026

Appeal: Department of Homeland Security: ☐ waived ☑ reserved
Respondent: ☐ waived ☑ reserved
Appeal Due: 03/09/2026

## Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS
Respondent Name : PEREZ-RODRIGUEZ, TOMAS | A-Number : 221-447-095
Riders:
Date: 02/06/2026 By: Thompson, Ryan, Immigration Judge